**Suzanna Ooi–Woon CHAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 79–7356.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 1980.
Decided Oct. 2, 1980.

Donald L. Ungar, Milton T. Simmons, San Francisco, Cal., on brief; Dana Marks Keener, San Francisco, Cal., for petitioner.

James P. Morris, Atty., Washington, D. C., on brief; Joseph F. Ciolino, Dept. of Justice, Washington, D. C., for respondent.

Before KENNEDY and FARRIS, Circuit Judges, and FITZGERALD,* District Judge. .

* Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation.

FARRIS, Circuit Judge:

Suzanna Ooi–Woon Chan petitions for review of an order of the Board of Immigration Appeals finding her deportable. We affirm.

Chan, a native and citizen of Malaysia, married a lawful permanent resident of the United States while in this country on a student visa. After she had returned to Malaysia, her husband filed a visa petition to accord her preference status pursuant to 8 U.S.C. §§ 1153(a)(2) and 1154(a). The petition was approved April 8, 1971. On January 28, 1972, while still in Malaysia, Chan was served with a petition for annulment of her marriage. On March 22, 1972, she obtained an immigrant visa for the United States, apparently unaware that on that same date her marriage was annulled in California. She was admitted to the United States on April 9, 1972.

Five years later, the Immigration and Naturalization Service discovered that her marriage had been annulled when Chan revealed this fact in applying for naturalization. Deportation proceedings were commenced against her on July 21, 1978. The immigration judge ruled that Chan was not deportable. The Board of Immigration Appeals reversed. It held that Chan could have been excluded at the time of her entry to the United States and is therefore deportable.

Chan contends that she properly entered the United States because approval of her visa petition was not properly revoked. She argues that 8 C.F.R. § 205.1(a)(4), which provides for automatic revocation of approval of a petition upon termination of the marital relationship, is limited by 8 U.S.C. § 1155 which states that any revocation of approval of a petition is not effective unless notice of revocation is sent to the beneficiary prior to his or her journey to the United States. She relies on *In re Salazar*, Interim Dec. No. 2741 (Board of Immigration Appeals, November 9, 1979). In *Salazar*, a visa was issued to an alien on

a petition by his wife. She subsequently withdrew the petition and the Service revoked its approval pursuant to 8 C.F.R. § 205.1(a)(1). However, there was no proof that the alien had been given notice of the revocation as required by 8 U.S.C. § 1155. The Board held that the immigrant held a valid visa and was not excludable.

*Salazar* is distinguishable. The alien there was qualified for entry under a preference classification. The Service sought to exclude him for lack of a valid visa and for willful misrepresentation in procuring a visa. 8 U.S.C. §§ 1182(a)(19) and (20). Since revocation of his visa was not effective and there was insufficient evidence of any misrepresentation, there was no basis to exclude him. Here, Chan was not qualified for a preference classification at the time of her admission to the United States. She could have been excluded from entry even if her visa had been valid. 8 U.S.C. § 1154(f) provides:

> Nothing in this section shall be construed to entitle an immigrant, in behalf of whom a petition under this section is approved, to enter the United States as a preference immigrant . . . . if upon his arrival at a port of entry in the United States he is found not to be entitled to such classification.

*See also* 8 U.S.C. § 1201(h).

8 U.S.C. § 1251(a)(1) provides that any alien may be deported who

> at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry.

Chan was excludable at the time she entered the United States because she was not entitled to a preference classification and did not possess labor certification. 8 U.S.C. § 1182(a)(14).

Affirmed.